# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| *JESSICA R. JACKSON*,       Plaintiff, | ) ) ) |
| *v.* | ) ) |
| *SANTANDER CONSUMER USA INC.*,       Defendant. | ) ) ) |

## COMPLAINT

Plaintiff Jessica Jackson, by her counsel, Paúl Camarena, respectfully complains as follows:

## Introduction.

1) The Fair Credit Reporting Act provides that, when a consumer disputes information that a furnisher of credit information is reporting to a credit reporting agency, the furnisher must conduct a reasonable investigation into that information. FCRA progeny and the Fair Debt Collection Practices Act also provide that, when the furnisher or a debt collector does not delete or modify that information, the furnisher or debt collector must report that its information is being disputed. In the case at bar, Defendant Santander Consumer USA Inc. (a furnisher and a debt collector) failed to conduct a reasonable investigation into information about Ms. Jessica Jackson that the Defendant itself was reporting, and the Defendant also failed to report that that information was being disputed. Thus, Defendant Santander Consumer USA violated the FCRA and the FDCPA.

## Jurisdiction and Venue.

2) Pursuant to 28 U.S.C. § 1331, United States District Courts have jurisdiction over this civil action because the action arises under the laws of the United States. Pursuant to 28 U.S.C.

§ 1391(b)(2), the Northern District of Illinois, Eastern Division, is the proper venue because a substantial part of the events or omissions giving rise to this action occurred within the Eastern Division.

### Parties.

3) Plaintiff Jessica Jackson is a "consumer" as that term is defined in the Fair Credit Reporting Act, at 15 U.S.C. § 1681a(c), and in the Fair Debt Collection Practices Act, at 15 U.S.C. § 1692a(3); and Ms. Jessica Jackson resides within the Eastern Division.

4) Defendant Santander Consumer USA Inc. is a "person" as that term is defined in the Fair Credit Reporting Act, at 15 U.S.C. § 1681a(b), and a "debt collector" as that term is defined in the Fair Debt Collection Practices Act, at 15 U.S.C. § 1692a(6).

5) Defendant Santander Consumer USA Inc. is also a Corporation incorporated in the State of Illinois and headquartered in Texas.

### Factual Allegations.

#### Background.

6) Defendant Santander Consumer USA advanced a loan, secured by an automobile, to Ms. Jessica Jackson.

7) Ms. Jackson struggled to repay the loan and eventually she surrendered the security (the automobile) to Defendant Santander Consumer and the Defendant seized the security.

8) Pursuant to custom, state law, and the parties' agreement, the loan balance was to accurately account for any lender seized security.

9) However, even after Defendant Santander seized the security, the Defendant continued to report the loan balance amount to credit reporting agencies without accurately accounting for the seized security.

Ms. Jackson's Dispute and Defendant Santander's Failure to Reasonably Investigate.

10) Ms. Jackson disputed Defendant Santander's reported information with a credit reporting agency and, upon information and belief, the credit reporting agency forwarded Ms. Jackson's dispute to the Defendant and the Defendant received Ms. Jackson's dispute.

11) However, Defendant Santander Consumer failed to conduct a reasonable investigation into its own reported information and, thus, the Defendant continues to report the loan balance amount without accurately accounting for the seized security.

12) Because Defendant Santander continues to inaccurately report the loan balance amount owed by Ms. Jackson, credit reporting agencies continue to inaccurately report more debt than the amount actually owed by Ms. Jackson and credit reporting agencies are assigning a lower credit score to Ms. Jackson.

Defendant Santander's Failure to Notate Ms. Jackson's Dispute.

13) Upon information and belief, Defendant Santander also made the decision to continue reporting its information without notating that Ms. Jackson is disputing that information.

14) Because Defendant Santander did not notate Ms. Jackson's dispute, credit reporting agencies are still reporting the debt information without reporting that Ms. Jackson disputes that information, resulting in a much lower credit score.

15) When a furnisher responds to a credit reporting agency's dispute verification form and relates an ongoing dispute, the credit reporting agency records the dispute in the credit report and does not include the derogatory information in assessing the credit score. Thus, Defendant Santander's decision to report the debt but not the dispute resulted in a much lower credit score for Ms. Jackson than a report of both the debt and the dispute.

16) Because of Defendant Santander's conduct, Ms. Jackson, *inter alia*, suffered a real risk of

financial harm caused by an inaccurate credit rating.

## Causes of Action.

### Count One.

17) The Fair Credit Reporting Act, at 15 U.S.C § 1681s-2(b)(1)(A), states, in relevant part, that, "[a]fter receiving notice ... of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall [ ] conduct an investigation with respect to the disputed information." "[C]ourts have consistently concluded that § 1681s-2(b) should be read as requiring a 'reasonable' investigation." *Humphrey v. Navient Solutions, Inc.*, 16 cv 370 (W.D. Wis. 2017), ECF No. 137, p. 5, (string citations omitted), *rev'd on other grounds*, 759 F. App'x 484 (7th Cir. 2019) ("When a credit-reporting agency notifies a [furnisher] of a disputed debt, the [furnisher] must 'conduct an investigation with respect to the disputed information.' 15 U.S.C. § 1681s-2(b)(1)(A). Whether the furnisher's investigation is reasonable is a factual inquiry.").

18) Defendant Santander willfully violated Subsection 1681s-2(b)(1)(A) by willfully failing to conduct a reasonable investigation with respect to information about Ms. Jackson that the Defendant itself provided to credit reporting agencies.

### Count Two.

19) The Fair Credit Reporting Act, at 15 U.S.C. § 1681s-2(b)(1)(D), states, in relevant part, that, "[a]fter receiving notice [ ] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall[, ] if the investigation finds that the information is incomplete [ ], report those results." Hence, "[i]f a consumer disputes the accuracy of credit information, the FCRA requires furnishers to report that fact when reporting the disputed information." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d

1147, 1162 (9th Cir. 2009). Further, "after receiving notice of dispute, a furnisher's decision to continue reporting a disputed debt <u>without any notation of the dispute presents a cognizable claim</u> under § 1681s-2(b)." *Id*. (citing *Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142, 150 (4th Cir. 2008)) (emphasis added).

20) Defendant Santander willfully violated Subsection 1681s-2(b)(1)(D) by making the decision to continue reporting its information about Ms. Jackson without notating that Ms. Jackson disputes that information.

Count Three.

21) The Fair Debt Collection Practices Act, at 15 U.S.C. § 1692e(8), prohibits debt collectors from "fail[ing] to communicate that a disputed debt is disputed." "Despite receiving [disputes], [Defendant] still reported plaintiff['s] debts to credit reporting agencies without noting that the debt amounts were disputed. This is a clear violation of the statute." *Evans v. Portfolio*, 889 F.3d 337, 346 (2018).

22) Defendant Santander violated Subsection 1692e(8) by reporting plaintiff's debt to credit reporting agencies without noting that the debt was disputed.

**Prayer for Relief.**

WHEREFORE, Jessica Jackson prays that this Court holds a trial by jury and enters judgment in her favor (and against Defendant Santander) for her actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a).

      Respectfully submitted,
      Plaintiff's, Jessica Jackson's, Counsel
      North & Sedgwick, L.L.C.
by:   */s/ Paúl Camarena*
      Paúl Camarena, Esq.
      500 So. Clinton, No. 132
      Chicago, IL 60607
      (312) 493-7494